IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JEFFERY EDWARDS                                                                                    PETITIONER
ADC #112033

V.                                            NO. 5:10cv00287 JLH-JWC

RAY HOBBS, Director,                                                                              RESPONDENT
Arkansas Department of Correction

### ORDER

In response to this 28 U.S.C. § 2254 petition for writ of habeas corpus, Respondent asserts (doc. 6) that the petition is barred by the statute of limitations as set forth in 28 U.S.C. § 2244(d). Generally, this provision bars as untimely a federal habeas petition not filed within one year of the date on which the petitioner's state court judgment of conviction became final. *Id.* § 2244(d)(1). The statute provides several reasons for tolling or extending the limitations period. *Id.* § 2244(d)(1)(A)-(D) & (d)(2) (limitations period runs from the latest of: the date judgment became final, the date of removal of any unconstitutional state-created impediment to filing, the date of any United States Supreme Court decision initially recognizing a constitutional right that is retroactively applicable to cases on collateral review, or the date on which an underlying factual predicate could have been discovered through due diligence; time consumed by properly filed post-conviction proceedings in state court does not count against limitations period).

Alternatively, Respondent asserts that Petitioner failed to properly raise his claims for relief in state court. A federal habeas petition must be dismissed if a petitioner tries to raise grounds in federal court which he did not timely and properly raise in state court unless he can show "cause" for his default and "actual prejudice" from the alleged violation of federal law, or demonstrate that failure to consider his claims would result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

The narrow "fundamental miscarriage of justice" – or "actual innocence" – exception requires a petitioner (1) to support his allegations of constitutional error with new reliable evidence not presented at trial, and (2) to show, in light of the new evidence, "that it is more likely than not that 'no reasonable juror' would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995).

Petitioner is notified of his opportunity to file, on or before November 19, 2010, a written pleading in which he further explains: (1) why he did not file his federal habeas petition within the one-year statute of limitation provided in 28 U.S.C. § 2244(d)(1); (2) why he did not timely and properly raise his claims for relief in state court; and (3) how he was actually prejudiced by the constitutional violations he alleges. When the Court receives Petitioner's pleading, the Court will decide whether this petition should be dismissed.

IT IS SO ORDERED this 19th day of October, 2010.

_____
UNITED STATES MAGISTRATE JUDGE