IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JEFFERY EDWARDS                                                    PETITIONER
ADC #112033

V.                            NO. 5:10cv00287 JLH-JWC

RAY HOBBS, Director,                                              RESPONDENT
Arkansas Department of Correction


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District

Judge J. Leon Holmes.   Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that finding

and the evidence that supports your objection.  An original and one copy of your objections

must be received in the office of the United States District Court Clerk within fourteen (14)

days after being served with the findings and recommendations.  The copy will be furnished

to the opposing party.  Failure to file timely objections may result in waiver of the right to

appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a hearing for this purpose before the District Judge, you

must, at the same time that you file your written objections, include a "Statement of

Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence to be proffered at the requested hearing before the District Judge was not offered at a hearing before the Magistrate Judge.

3.    An offer of proof stating the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## RECOMMENDED DISPOSITION

Jeffery Edwards, an Arkansas Department of Correction inmate, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 2). For the reasons that follow, the petition should be **denied** as barred by the one-year statute of limitations applicable to federal habeas petitions. *See id.* § 2244(d).

I.

Following a jury trial in December 1997 in the Circuit Court of Washington County, Arkansas, Petitioner was convicted of commercial burglary, attempted rape, rape, and second-degree battery. His probation for another set of prior offenses was revoked as well, resulting in sentences for residential burglary and theft of property. His sentences were all ordered to run consecutively, which resulted in a cumulative imprisonment term of seventy years. His judgment and commitment order was filed for record on December 17, 1997

2

(doc. 2, at 42-43).  The Arkansas Court of Appeals affirmed in a direct appeal.  *Edwards v. State*, No. CACR 98-362, 1998 WL 760241 (Ark. Ct. App. Oct. 28, 1998) (Resp't Ex. 1 [doc. 6-1]).

On October 2, 2009, Petitioner filed in state circuit court a petition for writ of habeas corpus pursuant to Ark. Code Ann. § 16-112-101, *et seq.*  He alleged that his sentence was illegal in that the state circuit judge had abused his discretion in ordering that the terms of confinement for each of his offenses be served consecutively (doc. 2, at 38-40).  The state habeas petition was denied.  *Edwards v. State*, No. CV-2009-162 (Lee Co. Cir. Ct. Oct. 8, 2009) (doc. 2, at 45).  Petitioner appealed (doc. 2, at 22-37, 46).  On February 18, 2010, the Arkansas Supreme Court dismissed his appeal, holding that the decision to order concurrent or consecutive service of multiple sentences was solely within the trial court's discretion, that petitioner had offered nothing to call into question the court's jurisdiction or the facial validity of his judgments of conviction, and that he had thus stated no ground for issuance of a habeas writ under state law.  *Edwards v. State*, 2010 Ark. 85, at *1 (Resp't Ex. 2 [doc. 6-2]); *see Young v. State*, 226 S.W.3d 797, 798-99 (Ark. 2006) (burden is on state habeas petitioner to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face).

Petitioner next filed in this Court a 42 U.S.C. § 1983 civil rights complaint, alleging that he was imprisoned pursuant to an invalid consecutively-entered sentence or term of imprisonment and seeking cessation of his unconstitutional confinement.  The Court found that he was, in effect, challenging the fact of his confinement and seeking earlier release from prison, with such relief being available only through a 28 U.S.C. § 2254 petition for writ of habeas corpus after first exhausting remedies in state court.  The Court dismissed the

complaint because it did not indicate that any state remedies had been pursued. *Edwards v. Hobbs*, No. 5:10-CV-00091-BSM (E.D. Ark. May 14, 2010) (Resp't Ex. 3 [doc. 6-3]). Petitioner filed a motion for reconsideration, along with evidence that his state remedies had been exhausted. The Court denied his motion, stating that his claims nevertheless were improperly brought under § 1983 and that he was required to file a federal habeas petition to challenge the validity of his incarceration (doc. 2, at 48)

Petitioner now brings this federal habeas petition advancing one claim: he is being illegally detained because the state trial court abused its discretion in running his sentences consecutively, creating a "void and facially invalid sentence." In response (doc. 6), Respondent asserts that the petition should be dismissed for two reasons: (1) as barred by the statute of limitations set forth in 28 U.S.C. § 2244(d); or (2) as procedurally defaulted because Petitioner failed to properly present his claims to the state courts, *see Coleman v. Thompson*, 501 U.S. 722 (1991). Petitioner replied (doc. 9).

II.

A state prisoner seeking to challenge his state court conviction in federal court must file a petition for federal habeas relief within one year after the state conviction becomes final by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). "Direct review" encompasses review of the conviction by the United States Supreme Court, which is limited to judgments of a "state court of last resort." *Parmley v. Norris*, 586 F.3d 1066, 1069-70 (8th Cir. 2009), *cert. denied*, 130 S. Ct. 3522 (2010). The Arkansas Court of Appeals is an intermediate appellate court, rather than a "state court of last resort." *Id.* at 1070-73. Therefore, when the Arkansas Court of Appeals

4

decides a direct criminal appeal and the defendant does not seek rehearing or review from the Arkansas Supreme Court, the judgment becomes final, for purposes of § 2244(d)(1)(A), upon issuance of the mandate by the Arkansas Court of Appeals.  *See id.*; *Riddle v. Kemna*, 523 F.3d 850, 856 (8th Cir. 2008) (Missouri appellate procedures); *Johnson v. State*, 900 S.W.2d 940, 951 (Ark. 1995) (once the mandate has been handed down, the disposition of the case becomes final").[1]

Here, the Arkansas Court of Appeals affirmed Petitioner's conviction on October 28, 1998.  He did not file a petition for rehearing, or a petition for review by the Arkansas Supreme Court.  Therefore, his judgments of conviction became final, for § 2244(d)(1)(A) purposes, upon issuance of the mandate by the Arkansas Court of Appeals, triggering the running of the one-year statute of limitations for filing a federal habeas petition.

Assuming that Petitioner placed his § 2254 habeas petition in the prison mailing system on the day he signed it, the petition was "filed" on September 21, 2010 (doc. 2, at 19).  *See* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts (inmate filing is timely if deposited in the institution's internal mailing system on or before the last day for filing); *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999) (pro se prisoner's habeas petition is "filed" on the date delivered to prison authorities for mailing to the clerk of the court).  This was almost twelve years after Petitioner's state convictions became final, clearly outside the one-year limitations period.

---

[1]Under the Arkansas procedures, a mandate will be issued "when the [appellate] decision becomes final."  Ark. Sup. Ct. R. 5-3(a).  A decision is "not final until the time for filing [a] petition for rehearing or, in the case of a decision of the Court of Appeals, the time for filing a petition for review has expired or, in the event of the filing of such petition, until there has been a final disposition thereof." *Id.*  A litigant has eighteen calendar days to petition for rehearing, *id.* 2-3(a), and, following a decision of the Arkansas Court of Appeals, eighteen calendar days to petition the Arkansas Supreme Court for review, *id.* 2-4(a).

Time consumed by properly filed post-conviction proceedings in state court does not count against the one-year limitations period. 28 U.S.C. § 2244(d)(2). However, Petitioner's state post-conviction habeas petition was filed on October 2, 2009, almost ten years *after* the statutory deadline. The statute of limitations for a federal habeas filing cannot be tolled after it has expired. *Jackson v. Ault*, 452 F.3d 734, 735-36 (8th Cir. 2006). Section 2244(d)(2)'s tolling provision does not revive an expired limitations period or restart the one-year calculation. Therefore, the state habeas petition has no effect on the limitations period applicable to Petitioner's claims.

As explanation for his untimeliness, Petitioner asserts that the factual predicate for his claim could not have been discovered earlier through the exercise of due diligence because his state court attorney created an "external impediment" by "never relinquishing control" of the trial transcript. He says this prevented him from examining the record of his sentencing and ascertaining that the trial court had abused its discretion in imposing consecutive sentences, and that he could not afford to pay for the transcript himself (doc. 2, at 17-18). He also contends that his state court attorney failed to apprise him of the procedural rules for seeking post-conviction relief in state court (which was a prerequisite to filing a federal habeas petition) or the procedural rules for seeking relief in federal court (doc. 9, at 1-3, 6-10). He says he is a layman and novice as to the law and legal procedure (*id.* at 5-6). Finally, he refers to his "actual innocence" and says the state "suppressed" a hospital medical examination report in which the victim allegedly states she had no knowledge of being raped by him (*id.* at 13-14).

Through statutory provisions, the commencement of the limitations period for timely filing a federal habeas petition may sometimes extend beyond the date on which the state

6

judgment becomes final.  *Earl v. Fabian*, 556 F.3d 717, 725 (8th Cir. 2009).  Specifically, the running of the limitations period may be delayed by an "impediment to filing [a federal habeas] application created by State action in violation of the Constitution or laws of the United States, ... if the applicant was prevented from filing by such State action, " 28 U.S.C. § 2244(d)(1)(B), or by the existence of factual predicates which "could [not] have been discovered through the exercise of due diligence," *id.* § 2244(d)(1)(D).[2]

Petitioner's judgment and commitment order indicates that his state court attorney was privately retained, rather than appointed by the court (doc. 2, at 42-43).  In any event, conduct of either a retained or state-appointed attorney does not constitute the type of unconstitutional, state-created impediment contemplated by § 2244(d)(1)(B).  *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007); *see Lawrence v. Florida*, 549 U.S. 327, 337 (2007) (state's "effort to assist prisoners in post-conviction proceedings [by appointing counsel] does not make the State accountable for a prisoner's delay.").

Furthermore, the lack of a trial transcript did not constitute an impediment that "prevented" Petitioner from filing a habeas petition, or from ascertaining the facts necessary to formulate his claims had he acted with diligence.  There is no allegation that he was not present during sentencing, his judgment and commitment order clearly states that his sentences were to be served consecutively (doc. 2, at 42-43), and a summary of the facts (signed by the prosecutor and the judge, and filed in the circuit court on December 17, 1997) lists the details of the offenses and identifies seven aggravating factors relevant to

---

[2]A third provision, § 2244(d)(1)(C), is inapplicable as Petitioner does not base his claims on any United States Supreme Court case announcing a newly recognized constitutional right.

the sentencing decision (doc. 2, at 44).[3]  In his direct appeal, decided in October 1998,

Petitioner made an argument regarding certain testimony introduced during the sentencing

phase of his trial.  *Edwards*, *supra* at *3.  Clearly, Petitioner possessed the essential facts

for presenting a claim that the trial court improperly imposed consecutive sentences.

Section 2244(d)(1)(D) "does not convey a statutory right to an extended delay ... while a

habeas petitioner gathers every possible scrap of evidence that might ... support his claim."

*Earl*, 556 F.3d at 725-26 (quoting *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998));

*Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) (state's failure to provide trial

transcript was not state-created impediment that prevented him from providing sufficient

factual support for his claims); *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001)

("Possession of a transcript ... is not a condition precedent to the filing of [post-conviction]

proceedings.").

The one-year statutory limitations period is also subject to equitable tolling in

appropriate cases.  *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010).  A habeas petitioner

is entitled to equitable tolling only if he shows that (1) he has been "pursuing his rights

diligently" but (2) "some extraordinary circumstance stood in his way and prevented timely

---

[3]The summary states: "CR 96-582: On 9/23/96, defendant pled guilty to residential burglary and theft (C felony) and was given 5 years probation.  Defendant failed to pay costs, restitution, pled guilty to misdemeanor sexual indecency and was picked out of photo line-ups and arrested for 2 burglaries, rape, attempted rape, kidnapping and battery 2nd.  CR 97-143: On 8/21/97, defendant beat a woman causing her serious physical injury, then raped her with his finger, attempted to sodomize her and did all of this in her business in Washington County."  The identified aggravating factors were: degree of property loss, personal injury or threatened personal injury substantially greater than characteristic for the crime; defendant on probation or parole at the time of the crime; persistent involvement in similar criminal offenses; prior record of similar offenses; serious prior record; persistent criminal misconduct while under supervision; and efforts to conceal crime.  *See Davis v. State*, 2009 Ark. App. 573 (trial judge not required to explain his reason for running sentences consecutively but did not abuse his discretion where record indicated he considered his experience from other cases, age of victim, and severity of wounds).

filing." *Id.* at 2562.  Here, Petitioner waited eleven years after his convictions became final before seeking any post-conviction relief whatsoever in state court, then, once he received a final decision from the state supreme court on his state habeas petition, he waited another seven months before filing his federal habeas petition.  This does not demonstrate diligence.  *See Nelson v. Norris*, 618 F.3d 886, 893 (8th Cir. 2010) (petitioner failed to pursue his rights diligently by not filing his federal habeas petition until nine months after state supreme court denied rehearing in his post-conviction proceeding); *Earl*, 556 F.3d at 724 (no diligence where habeas petitioner waited to file his federal petition until eight months after receiving notice that his judgments were final).

Furthermore, Petitioner has made no allegation, much less demonstrated, that some extraordinary circumstance stood in his way to prevent a timely filing.  *Nelson*, 618 F.3d at 893.  Where a habeas petitioner has encountered "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is inapplicable because Congress is presumed to have considered such equities in determining that one year represents a fair and appropriate limitations period.  *Runyan v. Burt*, 521 F.3d 942, 945-46 (8th Cir. 2008). It is not justified by a petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law.  *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005) (no tolling where petitioner did not diligently seek state and federal relief); *Earl*, 556 F.3d at 724-25 (no tolling due to delayed receipt of case file, pro se status, lack of access to legal materials and limited time in library); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004) (misunderstanding of state post-conviction procedures; pro se status, lack of legal knowledge or legal resources); *Jihad v. Hvass*, 267 F.3d 803, 805-07 (8th Cir. 2001) (inability to obtain state post-

9

conviction counsel and defense counsel's delay in sending petitioner his trial transcript); *Gassler*, 255 F.3d at 494 (delays in obtaining trial transcript).  As illustrated by the cited cases, any obstacles faced by Petitioner were not extraordinary when measured according to those encountered by a typical prisoner who prosecutes a pro se federal habeas petition.

Furthermore, it is clear in the Eighth Circuit that a claim of actual innocence, standing alone, is insufficient to justify equitable tolling:

> We do not hold that actual innocence can never be relevant to a claim that the habeas statute of limitations should be equitably tolled.  For such a claim to be viable, though, a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations.

*Flanders v. Graves*, 299 F.3d 974, 978 (8th Cir. 2002).  As discussed above, Petitioner has not established the existence of any action or inaction by the state or any state actor that prevented him, in the exercise of reasonable diligence, from raising his current  factual and legal arguments in a timely federal habeas petition.  Absent obstructive state action, an actual-innocence claim simply cannot, under the current state of the law in the Eighth Circuit, entitle a petitioner to equitable tolling.  *Id.* at 977-78; *see also Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003) (no equitable tolling where habeas petitioner alleged no state conduct that lulled her into inaction and she knew the factual basis for her actual-innocence claims at time of her conviction but sought no judicial review for fifteen years); *Freeman v. Norris*, 58 Fed. Appx. 667, 668 (8th Cir. 2003) (unpub.) ("Given Freeman's failure to show wrongdoing by the State prevented him from bringing a timely [habeas] petition, his reliance on actual innocence to invoke equitable tolling is misplaced.").

In summary, Petitioner filed this petition outside the one-year limitations period provided in § 2244(d), and he has not demonstrated that the period should be tolled or extended under any statutory provision or equitable principles.  Because the Court finds that the petition is time-barred, Respondent's procedural default argument need not be addressed.

III.

Accordingly, this 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 2) should be **denied as untimely, dismissing this action in its entirety with prejudice**. Furthermore, a certificate of appealability should be denied, as Petitioner has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(1)-(2); Rule 11, Rules Governing § 2254 Cases in United States District Courts.

DATED this 13th day of December, 2010.

_____
UNITED STATES MAGISTRATE JUDGE